[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17124
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-01351-ACC-DCI


LISSETTE HERNANDEZ,

Plaintiff-Appellant,

versus

BOB HANSELL,
in his official capacity as Sheriff of Osceola County,
GABRIEL DAVILA,
individually,
RAMY YACOUB,
individually,
JOHNNY ACEVEDO,
individually,
MICHAEL FUREY,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Lissette Hernandez sued police officers Gabriel Davila, Ramy Yacoub, Johnny Acevedo, and Michael Furey under 42 U.S.C. § 1983.[1]  Hernandez alleged that all four officers illegally entered and searched her home and that Davila used excessive force against her.  The district court granted summary judgment to the officers on Hernandez's illegal-entry-and-search claims, and a jury, after a two-day trial, delivered a verdict in favor of Davila on Hernandez's excessive-force claim.  This is Hernandez's appeal.

Hernandez argues that the district court erred (1) in granting summary judgment on her illegal-entry-and-search claims, (2) in allowing Davila to testify about the contents of an audiotaped exchange between radio dispatchers and the officers, and (3) in denying her request for a new trial.  But after careful consideration of the record and the parties' briefs, we find no reversible error.

First, the district court did not err in granting summary judgment on Hernandez's illegal-entry-and-search claims.  The court granted summary judgment after determining that officers Davila, Yacoub, Acevedo, and Furey are entitled to qualified immunity.  We agree with that determination.  Even taking the evidence in the light most favorable to Hernandez, the officers did not violate

---

[1] Hernandez also brought state-law claims against Davila and Bob Hansell, in Hansell's official capacity as the Sheriff of Osceola County.  Those claims are not at issue here.

2

"clearly established" law in entering and searching Hernandez's home. *See Whittier v. Kobayashi*, 581 F.3d 1304, 1307–08 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).

Second, the district court did not commit reversible error in allowing Davila to testify about the contents of an audiotaped exchange between radio dispatchers and the officers. Hernandez contends that the testimony was inappropriate lay witness testimony because it was not rationally based on Davila's perception and it was not helpful to the jury. *See* Fed. R. Evid. 701(a), (b). However, "[t]he admissibility of evidence is committed to the broad discretion of the district court," and Hernandez has failed to make "a clear showing of abuse of discretion" compelling reversal. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995).

Finally, the district court did not err in denying Hernandez's request for a new trial. Hernandez argues that the district court should have granted a new trial because (1) defense counsel, when examining a witness, referenced information that the district court had excluded via an order in limine, (2) the district court failed to properly instruct the jury, (3) a juror engaged in misconduct during voir dire by failing to disclose his prior involvement in certain legal proceedings, and (4) the district court made comments to the jury that prevented a fair and thoughtful deliberation. After examining each of these arguments, we cannot

3

conclude that the district court abused its discretion in denying Hernandez's request for a new trial.  *See United States v. Cavallo*, 790 F.3d 1202, 1225 (11th Cir. 2015); *Ins. Co. of N. Am. v. Valente*, 933 F.2d 921, 923 (11th Cir. 1991).

Finding no reversible error, we affirm.

**AFFIRMED.**